THOMAS CLARK, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 27, 1912.

1. STREET RAILWAYS: Personal Injury: Humanitarian Rule: Instructions: Assuming Facts. It is not improper, in a case of personal injury founded on the humanitarian rule, to refuse an instruction for defendant which assumes as facts matters which are in controversy.

2. ———: ———: ———: ———: Practice: Evidence: Motion to Strike Out. When an improper question is answered before objection can be made, the proper practice to so move to strike it out.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*John H. Lucas* and *Clarence S. Palmer* for appellant.

*Boyle & Howell* and *Jos. S. Brooks* for respondent.

ELLISON, J.—Plaintiff's action is for damages alleged to have accrued by reason of injury inflicted upon him by one of defendant's street cars. He recovered judgment in the trial court.

In the latter part of January, 1909, plaintiff was crossing Tenth street, from the north, near Garfield avenue, in Kansas City. On that street defendant has a double track street railway, running east and west with the street. After getting into the street, near the north track, he noticed a car coming from the west on the south track, and he stopped on the north track until it could pass. East of this the tracks turned south into Brooklyn avenue, which runs north and south, and on this account a car coming from the east on the north track could not be seen from where plaintiff was standing, further than a block. At the time plaintiff stopped on the north track, the car coming from the east could not be seen, the evidence tending to show that it turned onto Tenth street after plaintiff took that position waiting for the other car to pass. This car run plaintiff down as he carelessly stood in the street on the north track; the charge, under the humanitarian rule, being that the defendant's servants saw him, or by the exercise of ordinary care could have seen him, standing in such perilous position, in time to have avoided striking; that the car could have been stopped or "slowed down" with

entire safety to the passengers. The evidence tended to show the car to have been running at a rapid rate and that plaintiff was, or might have been seen, for a distance of near three hundred feet, and that the car could have been stopped much within that distance. The injuries inflicted were of the most serious nature and no point is made as to the amount of the verdict.

The first objection is that the court refused an instruction on the burden of proof being on the plaintiff. Ordinarily this, a common instruction, should be given. But no error can be predicated on the refusal of this one for the reason that it unwarrantably assumes as a fact that plaintiff "stepped in front of the car;" and that he "got in front of the car." These were assumptions that plaintiff stepped up in front of the running car so that it could not be stopped before striking him; while there was evidence tending to show that he was on the track when the car was nearly three hundred feet away with ample time to stop. It is a rule of law too familiar to need citation of authority, that it is error to assume as facts matters which are in controversy. It would have manifestly given color to defendant's theory at the expense of the evidence in plaintiff's behalf, and this of itself would have been improper. [Eckhard v. Transit Co., 190 Mo. 593, 620.]

The remaining objection is that the court overruled an objection to a question asked of the motorman who had charge of the car which struck plaintiff. The witness had been asked, without objection, whether he had been running double or single truck cars. He answered, double truck. Again he was asked and answered without objection that he was running a single truck when he struck plaintiff. At another time he was asked whether the track was one on which the company operated both double and single truck cars, and, without objection, he answered, "Not generally." He was then asked if he had seen others

run single truck cars over this track. This was objected to as irrelevant and the objection overruled. Then almost immediately he was asked the same question, that is, had he before this, either run himself, or seen others run, single truck cars over this track; and he answered that he had not. Objection was made, and the answer stricken out. This was the proper practice. [State v. Sykes, 191 Mo. 62, 79; Barr v. City of Kansas, 121 Mo. 22.] It is manifest from the record that the jury must have understood the entire matter of not having seen others run single truck cars, was stricken out. But conceding that it was not so understood, it would be trifling with justice to reverse a judgment for so trivial and inconsequential error; if it was error, which we by no means concede, it could not have influenced the jury improperly.

An examination of the record fails to disclose any ground justifying a reversal and the judgment is accordingly affirmed. All concur.